IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ZUIRI MAR MARTINEZ AVILES, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| VS. | § | CIVIL CASE NO. SA-26-CV-1889-FB |
| | § | |
| WARDEN, South Texas Detention Facility; | § | |
| MIGUEL VERGARA, Director, San Antonio Field | § | |
| Office, U.S. Immigration & Customs Enforcement, | § | |
| Enforcement & Removal Operations; TODD M. | § | |
| LYONS, Acting Director, U.S. Immigration & | § | |
| Customs Enforcement; MARKWAYNE MULLIN, | § | |
| Secretary, U.S. Department of Homeland Security; | § | |
| PAMELA BONDI, U.S. Attorney General; and | § | |
| DAREN K. MARGOLIN, Director, Executive | § | |
| Office for Immigration Review, | § | |
| | § | |
| *Respondents*. | § | |

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court are Petitioner Zuiri Mar Martinez Aviles's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") (ECF No. 1); the Federal Respondents' ("Respondents") Response to Petition (ECF No. 5); and Petitioner's Reply to Federal Respondents' Response (ECF No. 7). The relevant facts are undisputed and the Court grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

### BACKGROUND

Petitioner is currently detained in the South Texas Detention Facility in Pearsall, Texas, located in the Western District of Texas. Petitioner argues that Petitioner's detention is unlawful and asks the Court to order Petitioner's release or a bond hearing.

### DISCUSSION

As alleged, Petitioner's case appears materially indistinguishable from several others in which courts in this District have found a procedural due process violation. *See e.g.*, *Perez v. Thompson*, No.

SA-26-CA-02187-XR, 2026 WL 1078577, at *4 (W.D. Tex. Apr. 17, 2026); *Flores Molina v. Thompson*, Case No. 5:26-CV-0631-JKP, 2026 WL 908556, at *6-7 (W.D. Tex. Mar. 27, 2026); *Rodriguez Brizuela v. Noem*, No. 5:26-CV-0279-JKP, 2026 WL 752257, at *5 (W.D. Tex. Mar. 12, 2026); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d  668, 685-87 (W.D. Tex. 2025).   In preparing their response to the Petition, Respondents were ordered to consider a list of prior court orders issued in the Western District of Texas[1] addressing whether Petitioner's detention violates due process and note any material factual differences.  (Order for Service, ECF No. 2 at page 2).   In complying with that order, Respondents note they have "considered the Court's prior orders and note no material differences between this case and the cases cited within the Court's Order."  Response, ECF No. 5 at page 4.  The Court therefore considers whether these prior rulings, concerning similar challenges to the government policy or practice at issue in this case and the common question of law between this case and those rulings, should also control the result in this case.

After reviewing the briefing, provided evidence, and applicable law, the Court grants the Petition for the same reasons stated in the prior relevant decisions identified by the Court in the Order for Service as well as the additional cases cited herein.  *See e.g.*, *Gonzalez-Acero v. Thompson*; Case No. 5:26-CV-0673-JKP (ECF No. 8) (W.D. Tex. Apr. 9, 2026); *Camargo-Barreto v. Bondi*, Case No. 5:26-CV-0659-JKP (ECF No. 7) (W.D. Tex. Apr. 2, 2026); *Vargas-Negrete v. Noem*, Case No. SA-26-CA-00571-XR (ECF No. 9) (W.D. Tex. Mar. 19, 2026); *Gonzalez Carrillo v. Bondi*, No. SA-26-CV-778-XR, 2026 WL 981037 (W.D. Tex. Feb. 26, 2026); *Mendoza v. Noem*, Case No.

---

[1] *Vargas Negrete v. Noem*, Case No. SA-26-CA-00571-XR, 2026 WL 905456 (W.D. Tex. Mar. 19, 2026); *Mendoza v. Noem,* Case No. 5:26-CV-0728-JKP (ECF No. 9) (W.D. Tex. Feb. 26, 2026); *Fernandez v. Vergara,* Case No. SA-26-CA-00500-XR (ECF No. 8) (W.D. Tex. Feb. 26, 2026); *Martinez v. Noem,* No. 3:25-cv-430-KC, 2025 WL 2965859, at *3-5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem,* No. 3:25-cv-361-KC, 2025 WL 2792588, at *10-13 (W.D. Tex. Oct. 2, 2025); and *Lopez-Arevelo v. Ripa,* 801 F. Supp. 3d 668, 685-87 (W.D. Tex. 2025).

5:26-CV-0728-JKP (ECF No. 9) (W.D. Tex. Feb. 26, 2026); *Fernandez v. Vergara*, Case No. SA-26-CA-00500-XR (ECF No. 8) (W.D. Tex. Feb. 26, 2026); *Valencia Reyes v. Noem*, No. SA-25-CV-1921-XR, 2026 WL 981034 (W.D. Tex. Feb. 25, 2026)*; Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *3-5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *10-13 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 685-87 (W.D. Tex. 2025).

As discussed and explained in the prior cases, the Court finds that (1) it has jurisdiction to consider the arguments presented in the instant habeas Petition; (2) Respondents have violated Petitioner's right to due process under the Fifth Amendment; and (3) fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, are not available in habeas corpus proceedings like this one.  The Court treats the instant action solely as a habeas action under 28 U.S.C. § 2241, and declines to consider *Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal. Dec. 18, 2025), or other challenges presented.

IT IS THEREFORE ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED** such that:

1.      Respondents are **DIRECTED** to **RELEASE** Petitioner Zuiri Mar Martinez Aviles, A#221-373-233, from custody, under reasonable conditions of supervision, to a public place no later than **Wednesday, June 3, 2026**.

2.      Respondents must **NOTIFY** Petitioner's counsel, by email or by a direct telephone conversation, of the exact location and exact time of release as soon as practicable and no less than two hours before release.

3.      Respondents shall **FILE** a status report no later than **Friday, June 5, 2026**, confirming that Petitioner has been released.

IT IS FINALLY ORDERED that motions pending, if any, are DISMISSED AS MOOT, and this case is CLOSED.  A separate Judgment will be issued in the case.

It is so ORDERED.

SIGNED this 31st day of May, 2026.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE